NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BOLORSUKH MUNKHTUMUR;
BAATARTSOGT ERDENETSETSEG,

      Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

      Respondent.

No.   18-71377

Agency Nos.   A088-558-350
                  A088-558-351

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2022**
Seattle, Washington

Before:  NGUYEN, MILLER, and BUMATAY, Circuit Judges.

     Bolorsukh Munkhtumur and Baatartsogt Erdenetsetseg petition for review of

the Board of Immigration Appeals' ("BIA") denial of their motion to reopen.  We

review the BIA's decision to deny a motion to reopen for abuse of discretion and

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

will reverse only if the decision was arbitrary, irrational, or contrary to law. *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). We may review the BIA's decision to deny sua sponte reopening only for legal or constitutional error. *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). We have jurisdiction under 8 U.S.C. § 1252, and we deny in part and dismiss in part.

1. The BIA did not abuse its discretion in denying Petitioners' untimely motion to reopen proceedings on the asylum claim. It found that the asserted change in country conditions was not material to the claim. *Cf.* 8 C.F.R. § 1003.2(c)(3)(ii) (explaining that the time and number limitations to a motion to reopen for asylum do not apply if evidence of changed circumstances is shown to be "material" and previously unavailable). Specifically, the BIA determined that even with the new evidence that Munkhtumur's ex-husband threatened to harm her, Munkhtumur failed to establish a nexus between the threat and any alleged protected ground and did not show that the Mongolian government is unable or unwilling to protect her from the threat. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (holding that for an asylum claim, the applicant must in part show (1) that the persecution was on account of a protected ground and (2) that the persecution was committed by the government or by forces it was unable or unwilling to control). Indeed, the BIA noted that after a previously filed complaint, the ex-husband had been sent to prison for seven years. Nothing in the motion to the BIA showed that the new evidence

was material, and thus, the BIA's determination was not arbitrary, irrational, or contrary to law. *See Agonafer*, 859 F.3d at 1203.

Further, the other claims raised by Petitioners are meritless. Contrary to what Petitioners argue, it's evident that the BIA provided two distinct, cogent reasons for why the motion to reopen failed. And the fact that the BIA did not address the evidence that Mongolia now recognizes domestic abuse victims as a class is of no consequence because even so, the cognizability of a particular social group is irrelevant when no nexus can be established between the harm and the group. *See Baghdasaryan*, 592 F.3d at 1023 (explaining that a successful asylum claim must show persecution on account of a protected ground).

The BIA also did not disregard the evidence in support of the motion to reopen. Although the BIA noted some concerns about Petitioners' evidence, it went on to accept the new evidence "irrespective of the reliability of [Munkhtumur's] assertion that her former husband intends to harm her" and made its ruling based on that evidence.

2.     To the extent that Petitioners challenge the BIA's decision to deny sua sponte reopening, this court lacks jurisdiction to review that decision. The BIA determined that Petitioners' circumstances were not so exceptional as to warrant sua sponte reopening, and Petitioners do not allege any legal or constitutional error in that ruling.

3

**PETITION DENIED IN PART AND DISMISSED IN PART.**